IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PATRICK FONTILOUS,

        Plaintiff

VS.

STEPHEN OPUKU, and
DANIELLA BROWN-HOLMES

        Defendants

NO. 5:09-CV-437 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court are two motions seeking dismissal of the above-captioned action which were filed by defendants Daniella Brown-Holmes and Stephen Opoku. Tab #13 and Tab #14. In these motions, the defendants contend that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Patrick Fontilous failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of these motions, the undersigned ordered and directed the plaintiff to file a responses thereto. Tab #18 and Tab #19. The plaintiff has filed a single response. Tab #20. The motions are now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, the plaintiff alleges that the defendants have failed to provide adequate healthcare "in the face of repeated requests," and complains generally that the defendants "administer medicine that causes severe side effects and refuse to change it when the [symptoms] are readily noticed ...." He further asserts that the medication being provided to him causes his joints to lock, especially in his knees and hands; impairs his daily activity and his ability to function properly "on detail, recreation, even to eat, bathe and sleep"; causes pain in his legs; makes him disoriented; and makes it difficult for him to urinate. Finally, and upon his declaration that the defendants are aware of his condition "but still will not do anything about treating [him] for [his] obvious [symptoms]," the plaintiff demands monetary damages and injunctive relief.

In response to these assertions, the defendants have filed the motions seeking dismissal. Therein, each defendant avers that the plaintiff failed to exhaust his available administrative remedies prior to filing the instant action requiring dismissal of this action.

## **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## **DISCUSSION**

In support of their motions, and in addition to supporting briefs, the defendants have submitted the affidavit of Grievance Coordinator Deborah King, a record of the plaintiff's grievance and movement history, and applicable sections of the Georgia Department of Corrections Standard Operating Procedures. Relying upon these documents, the defendants aver that the plaintiff did not file nor exhaust *any* grievances involving the incidents described in his Complaint. In response, and with regard to the issue of exhaustion, plaintiff Fontilous makes only the following statement: "plaintiff asserts according to PLRA standards his remedy is exhausted." The undersigned disagrees.

After a careful review of the record in this case, and in accordance with the legal standards set forth above, the undersigned finds that the plaintiff did not file or exhaust any grievance concerning the incidents described in his Complaint. By extension, therefore, it appears that he failed to exhaust his available administrative remedies prior to filing this action.

## CONCLUSION

Accordingly, the defendants' motions seeking dismissal should be **GRANTED** and this action **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 5th day of MAY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE